IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:22-CR-00317-CCW |
| v. | |
| HARRY E. DUNCAN, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is Defendant Harry Duncan's Motion to Revoke Detention Order, ECF No. 53, asking the Court to revoke Magistrate Judge Patricia L. Dodge's pretrial order of detention, ECF Nos. 21, 23. For the following reasons, the Court will **DENY** the Motion.

## I.    Background

Mr. Duncan is charged with possession with intent to distribute quantities of cocaine, cocaine base, and fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One), and possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Two). ECF No. 24 at 1–2.

Following a detention hearing held on December 2, 2022, Magistrate Judge Dodge issued a detention order. After considering the requisite factors, Magistrate Judge Dodge found that, although Mr. Duncan presented evidence sufficient to rebut the presumption of detention, there was no condition or combination of conditions of release that could reasonably assure the safety of any other person and the community if Mr. Duncan were released on bond. ECF No. 53-1 at 56:18–20; *see also* ECF No. 23 at 2.

In ordering Mr. Duncan's detention, Magistrate Judge Dodge reasoned that detention was appropriate because Mr. Duncan has a lengthy criminal history that includes offenses he committed while on bond or probation, he faces a potentially lengthy period of incarceration if convicted, the charged crimes involve firearms and drug trafficking, and, finally, the weight of evidence against him is strong.  ECF No. 53-1 at 51:20–56:22.  Although Mr. Duncan has ties to the community and runs a small business, Magistrate Judge Dodge did not find these factors could ensure the safety of the community if he were released.  *Id.* at 53.

Mr. Duncan now moves this Court to revoke his detention order.  *See* ECF No. 53.  As part of its *de novo* review, the Court has reviewed his Motion, *id.*, the United States' response in opposition, ECF No. 58, Mr. Duncan's reply, ECF No. 62, and the transcript of the detention hearing before Magistrate Judge Dodge, ECF No. 53-1.  With briefing complete, the Motion is ripe for adjudication.

## II.    Legal Standard

As set forth in 18 U.S.C. § 3145(b), a criminal defendant who has been ordered detained "by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense" may file "a motion for revocation or amendment of the order."  When reviewing such a motion, the district court evaluates *de novo* the magistrate judge's decision to detain the criminal defendant.  *United States v. Delker*, 757 F.2d 1390, 1394–95 (3d Cir. 1985).  *De novo* review does not require an additional evidentiary hearing.  *United States v. McCall*, No. CR 17-0341, 2018 WL 838968, at *1 (W.D. Pa. Feb. 13, 2018) (Schwab, J.).  Rather, the district court may consider the transcript of the detention hearing before the magistrate judge and any additional evidence submitted as part of the motion.  *See id.* (citing *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (Diamond, J.)).  In addition, when considering evidence presented at the

detention hearing, the court is not bound by the "rules concerning admissibility of evidence in criminal trials." 18 U.S.C. § 3142(f).

When determining whether a criminal defendant should be detained, the court must consider the following four factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person . . .
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*United States v. Accetturo*, 783 F.2d 382, 384 (3d Cir. 1986) (citing 18 U.S.C. § 3142(g)).

As relevant here, a rebuttable presumption of detention exists for a criminal defendant charged with a crime under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, or a crime that involves the possession or use of a firearm.  18 U.S.C. § 3142(e);  *see United States v. Perry*, 788 F.2d 100, 108 (3d Cir. 1986).  To rebut this presumption, the defendant must produce "some credible evidence that he will appear and will not pose a threat to the community."  *United States v. Cabrone*, 793 F.2d 559, 560 (3d Cir. 1986).  This burden of production is "relatively light." *Chagra*, 850 F. Supp. at 357.

If the presumption is rebutted, the burden then shifts to the United States to prove "that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence." *Id.* (citing *Delker*, 757 F.2d at 1399).  Section 3142(e)(1) requires the court to order detention when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any person and the community."

III.   **Discussion**

First, the Court will consider the nature and circumstances of the charged offenses. *See* 18 U.S.C. § 3142(g).  Mr. Duncan is facing a drug trafficking charge and an unlawful possession of

a firearm charge.  ECF No. 24 at 1–2.  Both of these charges carry a rebuttable presumption of detention.  18 U.S.C. § 3142(e).  In addition, with respect to the circumstances of Mr. Duncan's offenses, as noted at the evidentiary hearing, Mr. Duncan's residence contained a substantial amount of drugs, including 21 bricks of heroin and fentanyl, as well as multiple firearms and ammunition.  ECF No. 53-1 at 14:8–14, 24:23–25:25, 27:4–18.  Magistrate Judge Dodge held that, in light of the narcotics and weapons involved, "the nature and circumstances of the alleged offenses here are quite serious."  *Id.* at 53:18–19.  The Court agrees and finds that this factor weighs in favor of detention.

Second, the Court will review the weight of the evidence against Mr. Duncan.  Mr. Duncan argues that a fingerprint that does not belong to him was found on one of the seized firearms, which arguably weakens the evidence against him.  ECF No. 53 at 7.  As Magistrate Judge Dodge noted, however, the weight of the evidence is strong given "the location where Mr. Duncan was found during the search where he acknowledged that it was his residence, that anything there was his, and the volume and substances that were found during the search."  *Id.* at 53:19–54:1.  A mismatched fingerprint on one of the seized firearms is not sufficient to alter this Court's finding that the weight of evidence against Mr. Duncan remains strong, particularly considering that controlled substances were found, as well as multiple firearms.  Thus, the weight of the evidence against Mr. Duncan favors detention.

Third, the Court will examine the history and characteristics of Mr. Duncan.  Section 3142(g)(3) instructs the Court to consider, *inter alia*, the person's "character, physical and mental condition," along with their "family ties, employment, . . . and community ties."  In addition, the Court must consider the person's criminal history and "whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial."  18 U.S.C. §

4

3142(g)(3).  In this case, Mr. Duncan is a lifelong resident of Pittsburgh, has two young children, and runs a small business.  ECF No. 53-1 at 39:17–40:1, 46:1–7, 47:13–19.  Although these facts slightly favor his release, the Court does not find that these facts outweigh his extensive criminal history, which includes prior crimes of violence.  In addition, at the time of his arrest, he was on bond for another offense.  Therefore, the Court finds this factor favors detention.

Finally, the Court finds that Mr. Duncan poses a serious danger to the community if released.  Of particular concern is Mr. Duncan's criminal history, which includes charges that involve violence and firearm possession.  Mr. Duncan argues that Magistrate Judge Dodge improperly considered a conviction from 2018 that was later vacated, a felony charge from 2022 that was downgraded to two misdemeanors, and probation violations that did not result in sanctions.  ECF No. 53 at 5–7.  Even if the Court elected not to consider some or all of the events Mr. Duncan challenges, the Court finds that his criminal history is still significant, such that the Court cannot ensure the safety to the community if he were released on bond.  *See United States v. Abdullahu*, 488 F. Supp. 2d 433, 438–39 (D.N.J. 2007) ("A danger to the community does not only include physical harm or violent behavior.").   Therefore, this last factor weighs in favor of detention.

In summary, even if Mr. Duncan has met his "relatively light" burden of rebutting the presumption of detention, *Chagra*, 850 F. Supp. at 357, the Court finds that, after weighing the requisite factors, the United States has shown by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any person and the community," 18 U.S.C. 3142(e).

**IV.    Conclusion**

Accordingly, for the foregoing reasons, Mr. Duncan's Motion to Revoke Detention Order, ECF No. 53, is hereby **DENIED**.


DATED this 9th day of August, 2023.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record